UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JR7405

| WILLIAM TUCKER, |
| Plaintiff, |
| -against- |
| THE CITY OF NEW YORK, and Detective VICTOR HARRIS, Detective JAMES McSLOY, Detectives "JOHN DOE #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown)" all individually and as members of the New York City Police Department. |
| Defendants. |

15 CV 3555

**COMPLAINT AND DEMAND FOR JURY TRIAL**



Plaintiff, William Tucker, by his attorney, Jason N. Richland of Myers, Singer & Galiardo, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Detective VICTOR HARRRIS, Detective JAMES McSLOY, Detectives "JOHN DOE #1-4" (the name "John Doe" being fictitious, as the true names are presently unknown), of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of New York County in the State of New York, in the Southern District of New York of African-American heritage.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants ,Detective VICTOR HARRRIS, Detective JAMES McSLOY, Detectives "JOHN (the name "John Doe" being fictitious, as the true names are presently unknown) #1-4", are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On June 25th, 2008, Gerald Alexander, was shot and killed in the Bronx, New York

12. During the course of a two-month investigation, Detectives Harris, McSloy and others conducted an investigation into the Gerald Alexander homicide.

13. During the course of their investigation Detectives Harris, McSloy and others, learned that Gerald Alexander was a known drug dealer in the area in and around Ithaca, New York.

14. During the course of the investigation Detectives Harris, McSloy and others identified the finger prints of the Plaintiff William Tucker on a piece of property found in Mr. Alexander's car.

15. During the course of the investigation Detectives Harris, McSloy and others learned of a description provided by an eyewitness of the actual perpetrators of the Gerald Alexander Homicide.

16. During the course of the investigation Detectives Harris, McSloy and others learned that the description provided by the eyewitness DID NOT match the Plaintiff, William Tucker.

17. During the course of the investigation Detectives Harris, McSloy and others, issued a "wanted card" for Mr. Tucker where they unequivocally state that "No Probable Cause to Arrest" exist.

18. During the early morning of August 18th, 2008 Detectives Harris, McSloy and others, entered Mr. Tucker's home, in Harlem , under false pretenses and arrest William Tucker for a fictitious outstanding warrant.

19. At the time of the arrest, Mr. Tucker is sleeping with his wife and his children were sleeping in their bedrooms.

20. The arrest took place in front of his family and numerous neighbors and friends.

21. While in police custody, Mr. Tucker is questioned and subsequently charged with the murder of Gerald Alexander.

22. The arrest took place despite the fact that Mr. Tucker denied any knowledge of the murder and the Detectives own paperwork had stated that "no probable cause to arrest" existed.

23. During the course of the investigation Detectives Harris, McSloy and others never investigated any other possible suspects despite the fact that Gerald Alexander had an

extensive criminal history and was known to the Ithaca Police Department as a drug dealer.

24. At his criminal court arraignment before the New York City Criminal Court in Bronx County, William Tucker was detained without bail.

25. Subsequent to his criminal court arraignment, Detectives Harris, McSloy and others provided false and misleading testimony to the grand jury determining whether to charge William Tucker with the murder of Gerald Alexander.

26. During Defendants grand jury testimony Defendants failed to inform the grand jurors about the eyewitness description of the assailants that did not match William Tucker.

27. During Defendants grand jury testimony Defendants failed to inform the grand jurors that William Tucker was never identified as an assailant by anyone.

28. During Defendants grand jury testimony Defendants hid the results of the DNA testing performed by the New York City Medical Examiners Office.

29. During Defendants grand jury testimony they hid relevant and other exculpatory facts from the grand jurors.

30. During the ensuring 48 months that William Tucker spent in pre-detention, Defendants continuously represented that no DNA testing had been performed in connection with the case and that no results existed to provide to William Tucker and his attorney.

31. On May 7, 2012, after four years in prison, the District Attorney's Office of Bronx County dismissed the indictment against William Tucker and he was freed from jail.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

34. All of the aforementioned acts deprived Plaintiff, William Tucker, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

38. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

39.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

41. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

43. As a result of Defendants' aforementioned conduct, Plaintiff, William Tucker, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

44. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

45. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

49. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

50. Defendants provided false and/or mis-leading testimony to the grand jury investigating the charge against Plaintiff.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

52. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

53. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

54. The criminal proceedings were terminated in Plaintiff's favor on or about May 7th, 2012, when the charges against him were dismissed and sealed.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

55. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if fully set forth herein.

56. Defendants Detective VICTOR HARRRIS, Detective JAMES McSLOY, Detectives "JOHN #1-4", (the name "John Doe" being fictitious, as the true names are presently unknown) arrested William Tucker despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

59. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff William Tucker.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

65. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

66. All of the foregoing acts by Defendants deprived Plaintiff William Tucker of federally protected rights, including, but not limited to, the right:

 a. Not to be deprived of liberty without due process of law;

 b. To be free from seizure and arrest not based upon probable cause;

 c. To be free from unlawful imprisonment;

 d. To be free from unwarranted and malicious criminal prosecution;

 e. To be free from intentional assault and infliction of emotional distress;

 f. Not to have cruel and unusual punishment imposed upon him; and

 g. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

2. Punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.


DATED:    New York, New York
          May 6, 2015

                                        Respectfully submitted,

                                        _____
                                        Myers, Singer & Galiardo LLP
                                        BY: Jason N. Richland (JR7405)
                                        Attorney for Plaintiff
                                        299 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 986-5900
                                        jrichland @gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM TUCKER,

    Plaintiff,

-against-

THE CITY OF NEW YORK, Detective VICTOR HARRIS, Detective JAMES McSLOY and Detectives "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants,

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

MYERS, SINGER & GALIARDO, LLP
Jason N. Richland, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900